IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMPIRE TODAY, LLC, <br> a Delaware corporation, <br><br> Plaintiff, <br> v. <br><br> WOLFE NETWORK, LLC, an Ohio limited <br> liability company, and ROBERT M. WOLFE, <br> an individual, <br><br> Defendants. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND CYBERSQUATTING**

Plaintiff, Empire Today, LLC ("Empire"), by and through its attorneys, for its Complaint against Defendants, Wolfe Network LLC and Robert M. Wolfe (collectively, "Defendants") alleges as follows:

**NATURE OF ACTION**

1. This is an action for federal trademark infringement, unfair competition, dilution and cybersquatting in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), 1125(c) and 1125(d)(1).

**PARTIES**

2. Plaintiff Empire is a Delaware corporation with its principal place of business located at 333 Northwest Avenue, Northlake, Illinois 60164

3. Defendant Wolfe Network LLC ("Wolfe Network") is an Ohio limited liability company having a principal place of business at 4060 W. State Route 571, Troy, Ohio 45373.

4. Defendant Robert M. Wolfe ("Wolfe") is an individual residing at 4060 W. State Route 571, Troy, Ohio 45373. Upon information and belief, Mr. Wolfe is the registered agent for and an officer of Wolfe Network.

**JURISDICTION**

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District and a substantial part of the events or omissions giving rise to Empire's claims occurred in this District, and the harms suffered by Empire, including loss of reputation, goodwill, and economic harm, are suffered in the state of Illinois where it is located.

7. Upon information and belief, Defendants regularly conduct or solicit business in the state of Illinois and derive revenue from goods or services used or consumed in this state, including via their website accessible in Illinois at www.empirefloors.com.

8. Defendants' www.empirefloors.com website is specifically directed at Illinois consumers, stating: "Empire Flooring in Chicago: Do you live in Chicago, Illinois or the surrounding area and need a professional flooring expert? You've come to the right place. Empire Flooring offers Chicago property owners quick access to new carpet and flooring installation, repair, and cleaning services at affordable rates." (See **Exhibit A**, https://empirefloors.com/locations/chicago-il/.) Defendants' website is interactive in that it invites consumers, including, specifically, Illinois consumers, to enter their personal information in order to receive a flooring estimate quote from a local contractor.

9. Defendants' business activities that are the subject of this action are within the flow of, and have affected, interstate trade and commerce. Defendants receive revenue through advertisements and links to third party sites on www.empirefloors.com, as well as through commissions from referrals from persons, including, upon information and belief, persons located in Illinois, who request a quote for flooring service, repair, installation, or refinishing services on the www.empirefloors.com website.

10. This Court has personal jurisdiction over both Defendants as they have availed themselves of doing business in Illinois and proactively sought out Illinois customers via their

2

interactive website, harmed Empire in Illinois where it is located, and upon information and belief contracted with Illinois flooring providers to earn commissions from leads connecting them to Illinois consumers using Defendants' website, subjecting Defendants to personal jurisdiction in Illinois pursuant to at least IL 5/2-209(a)(1), (2), (7), and IL 5/2-209(c).

## FACTS

### Empire's EMPIRE Trademarks

11. Since long prior to the acts of Defendants complained of herein, Empire has been engaged in the business, *inter alia*, of offering the sale and installation of carpet and flooring to the general public throughout the United States (the "Flooring Services").

12. Since at least as early as 1965, Empire has provided its Flooring Services to the public under the Empire name and one or more trademarks (collectively, the "EMPIRE Marks").

13. Empire displays and uses the EMPIRE Marks in advertising and promotional materials for Empire's Flooring Services in interstate commerce, including without limitation on television, radio commercials and print and online advertisements. Further, Empire is the owner and operator of the Internet web site available at URL http://www.empiretoday.com, which is used to advertise and promote Empire's Flooring Services.

14. Since long prior to the acts of Defendants, the EMPIRE Marks have been extremely well known among consumers throughout the United States.

15. Since long prior to the acts of Defendants, Empire has generated millions of dollars in annual sales for providing the Flooring Services under the EMPIRE Marks, and Empire has spent millions of dollars annually to advertise and promote the Flooring Services under the EMPIRE Marks. Moreover, based on its nearly 60 years of providing excellent service under the EMPIRE Marks, Empire has been recognized by the American Business Awards as a "Company of the Year" in from 2012-2019 and as a finalist for "Best Overall Company" in 2007, 2008, 2010, and 2011. Empire was recognized by the Golden Bridge Awards as a 2019 "Company of the Year" and recognized for "Customer Service Department of the Year" in 2017,

2018, and 2019. Further, Empire is rated "A+" by the Better Business Bureau and has been accredited with that organization for more than 45 years.

16. Since long prior to the acts of Defendants, and as a result of Empire' extensive use, advertising and promotion of the EMPIRE Marks, said EMPIRE Marks have become famous and have acquired a strong secondary meaning signifying Empire.

17. Empire has obtained several trademark registrations for its marks in the United States Patent and Trademark Office (copies of the registration certificates and Trademark Status and Retrieval ["TSDR"] records of each of the marks detailed below are attached hereto as composite **Exhibit B**). Such registrations include the following:

| Mark | Registration No. and Date | Goods and Services |
|---|---|---|
| EMPIRE | **Reg. No.** 2516389<br>**Reg. date** 11-DEC-2001 | **INT. CL. 35** TELEPHONE SHOP-AT-HOME SERVICES IN THE FIELD OF CARPETING<br>**INT. CL. 37** INSTALLATION OF CARPETS |
| EMPIRE TODAY | **Reg No.** 3559912<br>**Reg. date** 13-JAN-2009 | **INT. CL. 35** SHOP-AT-HOME SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS<br>**INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS |
| EMPIRE TODAY<br>(figure of man holding Empire Today sign) | **Reg. No.** 3671527<br>**Reg date** 25-AUG-2009 | **INT. CL. 35** SHOP-AT-HOME SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS<br>**INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING, FLOORING, WINDOW TREATMENTS |
| EMPIRETODAY.COM | **Reg No.** 3917495<br>**Reg date** 08-FEB-2011 | **INT. CL. 35** SHOP-AT-HOME SERVICES IN THE FIELDS OF CARPETING, HARD SURFACES FLOORING, AND WINDOW TREATMENTS<br>**INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING, HARD SURFACES FLOORING, AND WINDOW TREATMENTS |

4

| EMPIRE TODAY CARPET & FLOORING | Reg 4769721<br>Reg date 07-JUL-2015 | **INT. CL. 35** RETAIL STORE AND ON-LINE RETAIL STORE SERVICES IN THE FIELDS OF CARPETING, FLOORING, AND WINDOW TREATMENTS<br>**INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING, FLOORING, AND WINDOW TREATMENTS |
|---|---|---|
| EMPIRE CARPET | Reg No. 3090137<br>Reg. date 09-MAY-2006 | **INT. CL. 35** SHOP-AT-HOME, RETAIL STORE AND ON-LINE RETAIL STORE SERVICES IN THE FIELDS OF CARPETING AND FLOORING<br>**INT. CL. 37** INSTALLATION SERVICES IN THE FIELDS OF CARPETING AND FLOORING |
| EMPIRE TODAY, CARPET TOMORROW | Reg. No. 1666975<br>Reg. date 03-DEC-1991 | **INT. CL. 37** CARPET INSTALLATION SERVICES<br>**INT. CL. 42** RETAIL CARPET STORE SERVICES |

U.S. Reg. Nos. 2516389, 3559912, 3671527, 3917495, 3090137, and 1666975 (collectively, the "Incontestable Marks") are incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b). They serve as conclusive evidence of the validity of the marks and of the registration of the marks, of Empire's ownership of the marks, and of Empire's exclusive rights to use the marks in U.S. commerce.

18. As a result of the extensive use and promotion by Empire of the EMPIRE Marks, Empire now owns valuable goodwill which is symbolized by said name and marks, and the use of the EMPIRE Marks substantially increases the value of Empire's business and the salability of its Flooring Services rendered through its business.

**Unauthorized Use of the EMPIRE Marks by Defendants**

19. Long after the aforesaid acquisition of fame and secondary meaning of the EMPIRE Marks, as well as the issuance of the aforesaid registrations to Empire, Defendants commenced simulating the EMPIRE Marks, in interstate commerce, in connection with Defendants' own carpet and flooring business by using the name and marks EMPIRE, EMPIRE FLOORING, and EMPIRE FLOORS (the "Infringing Marks").

20. Defendants operate the web site available at URL http://empirefloors.com (the "Infringing Site"). The Infringing Site has an IP address of 132.148.200.35 and the domain name empirefloors.com (the "Infringing Domain") was registered anonymously through Domains By Proxy, LLC on July 15, 2003 (a true and correct copy of the WHOIS report from GoDaddy.com,

5

accessed on October 27, 2020, is attached hereto at **Exhibit C**). The domain name registrar for the Infringing Domain is GoDaddy.com, LLC.

21. While Defendants operated the Infringing Site with Empire's consent for a period of time as a marketing affiliate of Empire in approximately 2015, that relationship was terminated due to Defendants' refusal to abide by the terms of that agreement.

22. The Infringing Mark EMPIRE FLOORS not only forms the basis for the Infringing Domain, but EMPIRE is also depicted prominently, multiple times, on the Infringing Site along with the Infringing Mark EMPIRE FLOORING, for example, as follows:





23. Defendants operate a Facebook page, http://facebook.com/empirefloors/, which prominently features the Infringing Marks. A section of this page titled "Our Story" dated September 27, 2019, states: "Empire Floors, aka 'Empire Flooring' will connect you with a local flooring company that offers only the highest quality carpets, tile, vinyl, wood flooring, and laminates, from the most luxurious plush materials to the most economical and eco-friendly

styles." A screenshot of the Facebook page showing Defendants' use of the Infringing Marks is below:



24. Defendants operate an Instagram page at http://instagram.com/empirefloors/ that contains a graphic featuring the Infringing Domain.

25. Defendants operate a Twitter account, @empirefloorscom, that is used to promote the Infringing Site using the Infringing Marks.

26. Defendants operate a Pinterest account, EmpireFloorsCom, that promotes the Infringing Site using the Infringing Marks.

7

27. Defendants operate a Houzz account at www.houzz.com/pro/empirefloorscom/empire-floors, that promotes the Infringing Site using the Infringing Marks.

28. Defendants operate an "Empire Floors" YouTube channel at www.youtube.com/channel/UCmXWdbrPm8v6S8VOa7Y0hSg, that promotes the Infringing Site using the Infringing Marks

29. Defendants issued a press release on February 6, 2020, titled "Empire Flooring Offers Accurate Quotes for Homeowners," promoting the Infringing Site using the Infringing Marks, and, upon information and belief, propagated the Press Release through a news distribution service. The Press Release is available at at least the following URLs:

http://www.washington-magazine.com/news/story/188750/empire-flooring-offers-accurate-quotes-for-homeowners.html

http://news.connecticutchronicle.com/story/200030/empire-flooring-offers-accurate-quotes-for-homeowners.html

http://www.madisonheadlines.com/news/story/208728/empire-flooring-offers-accurate-quotes-for-homeowners.html

https://www.abnewswire.com/pressreleases/empire-flooring-offers-accurate-quotes-for-homeowners_465663.html

http://news.thesunshinereporter.com/story/23039/empire-flooring-offers-accurate-quotes-for-homeowners.html

http://news.bostonnewsdesk.com/story/230116/empire-flooring-offers-accurate-quotes-for-homeowners.html

http://www.lansingnewsnow.com/news/story/208728/empire-flooring-offers-accurate-quotes-for-homeowners.html

http://www.kentuckynewsdesk.com/news/story/208728/empire-flooring-offers-accurate-quotes-for-homeowners.html

http://www.lincolnnewsreporter.com/news/story/208728/empire-flooring-offers-accurate-quotes-for-homeowners.html

http://www.olympiajournal.com/news/story/231102/empire-flooring-offers-accurate-quotes-for-homeowners.html

30. In accordance with 15 U.S.C. § 1072, Empire' federal trademark registrations, including the Incontestable Marks, served as constructive notice to Defendants of Empire' rights in and to the EMPIRE Marks.

31. In addition, Defendants are well-aware of Empire's existence and have actual notice of Empire's rights in and to the EMPIRE Marks.

32. Despite Defendants' constructive and actual notice of Empire's rights in the EMPIRE Marks, and Defendants' knowledge that their use of the Empire Marks is neither consented to nor authorized by Empire, Defendants continue to use the Infringing Marks, mistakenly believing that they can flout the law with impunity.

33. Defendants' aforesaid unauthorized uses of the Infringing Marks are willful and deliberate and done with an intent to trade upon the fame and goodwill represented by the EMPIRE Marks, to improperly suggest or imply the existence of an affiliation or license between Defendants and Empire, to dilute the distinctiveness of the EMPIRE Marks, and to mislead and confuse actual and potential consumers.

34. Defendants have used and are using the Infringing Marks and Infringing Domain for carpet and flooring quote and referral services to promote the services of companies other than Empire, without the consent or authority of Empire.

35. Defendants' unauthorized use of the Infringing Marks is likely to cause confusion in the mind of ordinary consumers with respect to Empire's carpet and flooring services.

36. Defendant Wolfe has acted willfully and knowingly to direct and control the infringing and wrongful actions of Defendants and has used the corporate defendant Wolfe Network LLC as an instrument to carry out his infringing acts with the purpose of avoiding personal liability. Upon further information and belief, it was Defendant Wolfe who chose to use the infringing names "Empire Floors," "Empire Flooring," and "EmpireFloors.com" for defendant Wolfe Network LLC, and chose to register the Infringing Domain and operate the Infringing Site, with full knowledge of Plaintiff Empire's rights in and to the famous EMPIRE Marks, all in order to deceive and confuse consumers. And, Defendant Wolfe personally profits

from the aforesaid infringing activities. In short, Defendant Wolfe is the driving force behind the wrongful and infringing activities carried on in the name of Defendant Wolfe Network LLC.

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114

37. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

38. Defendants' aforesaid unauthorized uses of the Infringing Marks are likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' services and falsely and deceptively represents Defendants' services as being sponsored by, authorized by, or provided by Empire, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Defendants committed their wrongful actions with the intent to mislead and misdirect consumers.

40. This is an exceptional case and Empire is entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

41. Empire is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

## COUNT II
### Federal Unfair Competition/False Designation of Origin
### 15 U.S.C. § 1125(a)

42. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

43. Section 1125(a)(1)(A) of the Lanham Act provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> ….

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person….

44. Defendants' aforesaid unauthorized uses of the Infringing Marks falsely suggest that they are associated with Empire in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' aforesaid unauthorized uses of the Infringing Marks throughout their marketing cause consumers to think that Defendants are affiliated with or sponsored by Empire in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. Empire is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

### COUNT III
### Federal Trademark Dilution
### 15 U.S.C. § 1125(c)

47. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

48. Defendants' aforesaid unauthorized uses of the Infringing Marks dilute by blurring the distinctive quality of the famous EMPIRE Marks, and Defendants have willfully intended to trade on Empire's reputation and goodwill and to dilute the distinctiveness of said marks, all in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Empire is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

### COUNT IV
### Cybersquatting
### 15 U.S.C. § 1125(d)

50. Empire realleges and incorporates by reference the preceding allegations of this complaint as though fully stated herein.

51. The EMPIRE Marks were famous and distinctive prior to the registration or use by Defendants of the Infringing Domain.

52. The registration and use of the Infringing Domain violate Empire's rights as the owner of the EMPIRE Marks.

53. No Defendant has any legitimate trademark or other intellectual property rights in the Infringing Domain. The Infringing Domain was registered with the bad faith intent to profit from Empire's EMPIRE Marks.

54. The registration and use of the Infringing Domain are likely to cause confusion, to cause mistake, and to deceive as to the origin, source, or sponsorship of the Infringing Domain among the public and Empire's trade partners. The registration and use of the Infringing Domain also are likely to cause dilution of the famous and distinctive EMPIRE Marks.

55. In addition to their unauthorized registration and use of the Infringing Domain, upon information and belief, Defendants are trafficking in the Infringing Domain by attempting to sell the Infringing Domain to third parties. Defendants have also offered to sell the Infringing Domain to Empire.

56. Empire is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Empire Today, LLC asks this Court to enter judgment in its favor against each of the Defendants as follows:

A. For a permanent injunction restraining Defendants from the unlawful, unfair, fraudulent, deceptive and misleading acts and conduct set forth above, and enjoining Defendants from using any mark, slogan, Internet domain name, Internet social media user name or account identifier, trade name, business name or other device that infringes (*i.e.*, is confusingly similar

to) the EMPIRE Marks for any purpose—including, but not limited to, for use in connection with any website or sale of any product;

  B. For an order directing Defendants to file with this Court and serve on Empire within three (3) days after service of an injunction a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

  C. For an order requiring Defendants and all those in privity with them to surrender for destruction all materials incorporating or reproducing Plaintiff's EMPIRE Marks pursuant to 15 U.S.C. § 1118;

  D. For an order requiring Defendants, in accordance with 15 U.S.C. § 1125(d), to forfeit and transfer all rights in the domain name empirefloors.com to Empire and deliver to Empire all documents evidencing ownership of such domain names;

  E. For an order requiring Defendants to transfer any social media accounts or online assets containing or referring to Plaintiff's EMPIRE Marks, including but not limited to those identified in paragraphs 24-27 of this Complaint, to Plaintiff;

  F. For an accounting of the gains and profits realized by Defendants from their wrongful acts of false designation of origin, infringement, dilution and cybersquatting, and recovery of all actual damages suffered and sustained by Empire as a result of Defendants' aforesaid wrongful acts, as well as payment for the costs of this action and prejudgment interest, pursuant to 15 U.S.C. § 1117;

  G. For statutory damages, actual damages and increased and punitive damages as allowed by the law—including, but not limited to, those increased damages authorized by 15 U.S.C. § 1117;

H. For Empire's costs and expenses, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and prejudgment interest at the maximum legal rate; and

I. For such other and further relief as may be just and equitable.

## JURY DEMAND

Plaintiff Empire Today, LLC hereby demands and requests a trial by jury on all issues so triable.

Dated: January 12, 2021

Respectfully submitted,

**EMPIRE TODAY, LLC**

By: /s/ John S. Letchinger

**BAKER & HOSTETLER LLP**
John S. Letchinger (6207361)
Matthew J. Caccamo (6282605)
One North Wacker Drive, Suite 4500
Chicago, IL 60606
Tel: 312-416-6206
Fax: 312-416-6260
jlechtinger@bakerlaw.com
mcaccamo@bakerlaw.com